IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JOSEPH SILVEY,<br>*individually and on behalf of those similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>ROADRUNNER TEMPERATURE CONTROLLED, LLC, D/B/A A&A EXPRESS, INC.,<br><br>Defendant. | Case No. 4:24-cv-3181<br><br>**COMPLAINT - CLASS ACTION**<br><br>**JURY TRIAL DEMANDED** |

## CLASS ACTION COMPLAINT

Joseph Silvey ("Plaintiff"), individually and on behalf of those similarly situated former employees as defined herein, brings this suit against Roadrunner Temperature Controlled, LLC, d/b/a A&A Express, Inc., ("Defendant"), by way of this Class Action Complaint, alleging as follows:

## NATURE OF THE ACTION

1. This is a Class Action Complaint brought under the Worker Adjustment and Retraining Notification Act, 29 U.S.C. §§ 2101–2109 (the "WARN Act"), by the Plaintiff individually and on behalf of the other similarly situated persons against Defendant, the employer for WARN Act purposes.

2. Defendant operates a manufacturing plant located at 1015 N 9th Avenue, Brandon, SD 57005 ("Facility"), where Plaintiff and the putative class worked.

3. Within 90 days of August 16, 2024, upon information and belief, Defendant abruptly terminated several groups of employees, unilaterally and without proper notice to

1

employees or staff, terminating over 50 employees and at least 33% of active full-time employees, including Plaintiff, at the Facility.

4. Plaintiff was terminated on August 16, 2024, as part of a mass layoff without proper notice.

5. Plaintiff brings this action individually and other similarly situated former employees who worked for Defendant and were terminated as part of the foreseeable result of a mass lay off or plant closing ordered by Defendant on or around August 16, 2024, and within 90 days of that date and who were not provided 60 days' advance written notice of their terminations by Defendant, as required by the WARN Act.

6. Plaintiff and other similarly situated employees should have received the full protection afforded by the WARN Act.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over this matter pursuant to 28 U.S.C § 1331 and 29 U.S.C. § 2104(a)(5).

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and 29 U.S.C. § 2104(a)(5).

## PARTIES

9. At all times herein relevant, the Representative Plaintiff was and is a member of the Nationwide class (as defined below).

10. Plaintiff Joseph Silvey is a citizen of the United States and resident of Brandon, South Dakota. Plaintiff was employed by Defendant at all relevant times at the Facility. He was employed for over six months and is an "aggrieved employee" within the meaning of 29 U.S.C.

4869-5332-6016, v. 1

§ 2104(a)(7). He was terminated without cause and did not receive 60 days' notice of his termination.

11. Defendant is incorporated in Delaware, registered to do business in Nebraska, with a corporate headquarters located at 8951 S. 126th Street, Omaha, NE. As registered with Nebraska Secretary of State, Defendant may be served via its registered agent, CT Corporation System, 5601 South 59th Street, Lincoln, NE 68516

12. Upon information and belief, Defendant conducted business in this district and, at all relevant times, operated the facilities where Plaintiff and the other similarly situated individuals worked or were based at, reported to, and received assignments from.

13. Defendant made the decision to terminate employees, including Plaintiff and those other similarly situated former employees, without 60 days' advance notice, terminating over 50 employees and at least one-third of the workforce. Upon information and belief, this decision was made at the Nebraska headquarters, where Defendant's President, Geno Cannon, the Vice President, Dan Lathrop, and other corporate personnel sit.

## FACTS

14. On or about August 5, 2024, Defendant informed a group of employees, including Plaintiff, at the Facility, that their jobs would be immediately terminated as of August 16, 2024.

15. On information or belief, Defendant, provided notice to the South Dakota Department of Labor and Regulations on August 5, 2024, explaining at least 111 workers would be terminated on or around August 16, 2024.

16. Plaintiff, and other similarly situated, were terminated on or around August 16, 2024.

17. Defendant did not provide proper WARN Act Notice, 60 days' in advance, as required by 29 U.S.C. §§ 2101 *et seq.* even though it planned to abolish, terminate, and/or layoff at least 50 employees and 33% of the employees employed there.

18. Upon information and belief, no circumstances existed that would have permitted Defendant from reducing the notification period as provided in 29 U.S.C. § 2102(b).

19. By failing to provide its affected employees who were temporarily or permanently terminated on or around August 16, 2024, with proper WARN Act Notices and other benefits, Defendant acted willfully and cannot establish that they had any reasonable grounds or basis for believing their actions were not in violation of the WARN Act.

## CLASS ACTION ALLEGATIONS

20. Plaintiff brings this WARN Act claim as a Class Action pursuant to Federal Rule of Civil Procedure 23 on behalf of the following Nationwide class:

> All employees of Defendant who were terminated pursuant to a mass layoff or plant closing (as those terms are defined in the WARN Act) within 90 days August 16, 2024.

21. Class Action treatment of WARN Act claims is appropriate because all of Federal Rule of Civil Procedure 23's Class Action requisites can be satisfied. For example:

   a. The class includes, upon information and belief, over 50 class members, and, as such, is so numerous that joinder of all the class members is impracticable under these circumstances, thereby satisfying Federal Rule of Civil Procedure 23(a)(1).

   b. Questions of law and fact are common to the class, including, *inter alia*, whether Defendant provided adequate notice of its mass layoff under the WARN Act, 29 U.S.C. § 2102. Thus, Plaintiff satisfies Federal Rule of Civil Procedure 23(a)(2).

4

  c. Plaintiff is a member of the class and brings claims typical of the claims of other class members. Plaintiff has no interests that are antagonistic to or in conflict with the interests of other class members. Thus, Plaintiff satisfies Federal Rule of Civil Procedure 23(a)(3).

  d. Plaintiff will fairly and adequately represent the class and its interests. Moreover, Plaintiff has retained competent and experienced counsel who will effectively represent the interests of the class. Thus, Plaintiff satisfies Federal Rule of Civil Procedure 23(a)(4).

22. Class certification is appropriate pursuant to Federal Rule of Civil Procedure 23(b)(1) because the prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications which would establish incompatible standards of conduct for Defendant and/or because adjudications with respect to individual class members would as a practical matter be dispositive of the interests of non-party class members.

23. Class certification is appropriate pursuant to Federal Rule of Civil Procedure 23(b)(2) because Defendant acted or refused to act on grounds generally applicable to the Class, making appropriate declaratory and injunctive relief with respect to Plaintiff and the class as a whole.

24. Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over any question affecting only individual class members, and because a Class Action is superior to other available methods for the fair and efficient adjudication for this litigation.

4869-5332-6016, v. 1

## COUNT I
### VIOLATIONS OF THE WARN ACT, 29 U.S.C. §§ 2101, *et seq*.
*(On behalf of Plaintiff and the putative class)*

25. Plaintiff re-alleges and incorporates all preceding paragraphs as if set forth in full here.

26. Defendant is an "employer" within the meaning of the WARN Act, 29 U.S.C § 2101(a)(1).

27. Plaintiff and the putative class were at all relevant times an "affected employee" within the meaning of the WARN Act, 29 U.S.C § 2101(a)(5).

28. The August 16, 2024 terminations resulted in "employment losses" as defined in 29 U.S.C. § 2101(a)(3)(B)(i)(I) and (II) for at least 33 percent of the employees and at least 50 employees. Any terminations occurring within any 90-day period may be aggregated. 29 U.S.C. § 2102(d).

29. For purposes of 29 U.S.C. § 2101(a)(3)(B)(i)(I) and (II), the Facility constitutes a single site of employment in that each employee's facility was the location to which relevant employees were assigned as the home base, the place from which work was assigned, and the place to which they reported for work.

30. The WARN Act requires employers to provide 60-days' notice of any plant closing or mass layoff "to each representative of the affected employees . . . or, if there is no such representative at that time, to each affected employee," 29 U.S.C. § 2102(a)(1), and "to the State or entity designated by the State to carry out rapid response activities under [29 U.S.C. §] 3174(a)(2)(A)," as well as to "the chief elected official of the local government within which such closing or layoff is to occur," 29 U.S.C. § 2102(a)(2).

4869-5332-6016, v. 1

31. On information and belief, Defendant did not give 60 days' proper written notice of the plant closing and/or mass layoff to any "affected employee," including Plaintiff and the putative class, as that term is defined in 29 U.S.C § 2101(a)(5). Nor upon information and belief did Defendant give proper written notice to the South Dakota Department of Labor and Regulations, or to the chief elected official of the local government within which the mass layoff was ordered.

32. Defendant violated the WARN Act by failing to give timely written notice of the mass layoff as required by 29 U.S.C. § 2102(a), which began on or about August 16, 2024.

33. As such, Plaintiff and the putative class are "aggrieved employees" within the meaning of the WARN Act, 29 U.S.C. § 2104(a)(7).

34. The WARN Act expressly permits an "aggrieved employee" to bring a civil action individually and on behalf of all those similarly situated to seek relief for violations of the provisions of 29 U.S.C. § 2102. *See* 29 U.S.C. § 2104(5).

35. Moreover, Defendant's violations of the WARN Act were not in good faith, and Defendant have no reasonable grounds for believing that the plant closing or mass layoff it ordered was not in violation of the notice requirements at 29 U.S.C. § 2102.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff pray for the following relief:

1. Certification of the Class as a Class Action pursuant to Federal Rule of Civil Procedure 23(b), and designation of Plaintiff as a representative of the Class and counsel of record as Class Counsel.

2. A declaration that Defendant violated the WARN Act;

4869-5332-6016, v. 1

3.      A judgment against Defendant and in favor of Plaintiff and the putative class for back pay to the fullest extent permitted by the WARN Act, 29 U.S.C. § 2104(a)(1)(A);

4.      A judgment against Defendant and in favor of Plaintiff and the putative class for the loss of benefits, including, but not limited to, medical expenses incurred by Plaintiff and the putative class during the employment loss, to the fullest extent allowable under the WARN Act, 29 U.S.C. § 2104(a)(1)(B);

5.      A finding that Defendant's violations of the WARN Act were and are willful, not in good faith, and that Defendant has no reasonable grounds for believing that its mass layoff was not in violation of the notice requirements of the WARN Act, 29 U.S.C. § 2102;

6.      A judgment against Defendant and in favor of Plaintiff and the putative class for litigation costs, expenses, attorney's fees to the fullest extent permitted under the WARN Act, 29 U.S.C. § 2104(a)(6), and for discretionary costs pursuant to Federal Rule of Civil Procedure 54(d);

7.      A judgment against Defendant for civil penalties to the fullest extent allowable under the WARN Act, 29 U.S.C. § 2104(a)(3); and,

8.      Such other and further relief as this Court deems just and proper and allowed under the WARN Act.

Dated: October 9, 2024                    Respectfully submitted,

By:    **FRIEDMAN LAW OFFICES, PC, LLO**
Attorneys for Plaintiff
PO Box 82009
Lincoln, NE 68501
(402) 476-1093
dfriedman@friedmanlaw.com

s/Daniel H. Friedman
Daniel H. Friedman #22293

J. Gerard Stranch, IV*
Michael C. Iadevaia*
**STRANCH, JENNINGS, & GARVEY, PLLC**
223 Rosa Parks Ave. Suite 200
Nashville, TN 37203
Telephone: 615/254-8801
Facsimile: 615/255-5419
gstranch@stranchlaw.com
miadevaia@stranchlaw.com

Samuel J. Strauss*
Raina C. Borrelli*
**STRAUSS BORRELLI, LLP**
613 Williamson St., Suite 201
Madison, WI 53703
T: (608) 237-1775
F: (608) 509-4423
sam@straussborrelli.com
raina@straussborrelli.com

Lynn A. Toops*
Amina A. Thomas*
**COHEN & MALAD, LLP**
One Indiana Square, Suite 1400
Indianapolis, Indiana 46204
(317) 636-6481
ltoops@cohenandmalad.com
athomas@cohenandmalad.com

*  *Pro Hac Vice* applications to be submitted

*Counsel for Plaintiff and the Proposed Class*

4869-5332-6016, v. 1